UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAKESH DHINGRA,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No:  C 16-03803 SBA<br><br>**ORDER DISMISSING COMPLAINT FOR DAMAGES / PETITION FOR WRIT OF ERROR CORAM NOBIS WITHOUT PREJUDICE AND DENYING APPLICATION TO PROCEED IFP AS MOOT** |

On July 7, 2016, Plaintiff Rakesh Dhingra ("Dhingra") filed the instant pro se action, Dkt. 1, along with an application to proceed in forma pauperis ("IFP"), Dkt. 2.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DISMISSES Plaintiff's action without prejudice and DENIES his IFP application as moot.

**I.      BACKGROUND**

**A.      THE PRIOR CRIMINAL ACTION[1]**

In July 2000, Dhingra, who was then 40 years old, contacted a minor girl using the Internet-based America Online instant messenger ("IM") service.  Over the course of several days, Dhingra and the minor engaged in extensive IM conversations that included

---

[1] The parties are familiar with the facts of the prior criminal action, which are summarized herein only to the extent that they are pertinent to the instant action.

sexual topics.  The girl stated on multiple occasions that she was only 14 years old, and Dhingra repeatedly acknowledged the minor's age.

Dhingra and the girl arranged to meet at a local community college on July 10, 2000.  During that in-person encounter, Dhingra engaged in sexual activity with the minor in his automobile.  The minor reported the incident to a teacher, and then, with the teacher's urging, to local law enforcement officials.  Local law enforcement officials arrested Dhingra after covertly arranging a second meeting between him and the minor.  On July 14, 2000, local law enforcement officials contacted the Federal Bureau of Investigations ("FBI"), including Agent Charles Esposito, to further investigate the offense.

The United States obtained an indictment against Dhingra for one count of using the internet to solicit sexual activity from a minor, in violation of 18 U.S.C. § 2422(b).  Case No. 01-cv-40144-SBA, Dkt. 1.  A jury found Dhingra guilty of that offense, and the Court imposed a sentence of 24 months in custody and three years of supervised release.  Id., Dkt. 72, 86.  Upon Dhingra's appeal, the Ninth Circuit affirmed the judgment.  Id., Dkt. 115.

### B.     THE INSTANT ACTION

On July 7, 2016, Dhingra filed the instant action, naming as defendant the United States of America.  Dkt. 1.  In a single pleading, Dhingra brings both a civil complaint for damages and a petition for writ of error coram nobis.

Dhingra alleges that the "purported minor" victim of his criminal offense was actually an adult and an "undercover FBI Agent/Informer."  Compl. ¶ 8.  According to Dhingra, FBI Agent Chuck Esposito "sent a baby faced adult" to meet Dhingra on July 10, 2000, as part of a "cyber squad operation . . . to catch persons who had been actively looking for illegal sexual conduct with minors."  Id. ¶¶ 5, 12.  During that encounter, this "adult person pretending to be a minor and with a changed identity under FBI witness protection program . . . was running the show and acted as an ADULT . . . ."  Id. ¶ 10.

Dhingra further alleges that the FBI changed this agent's "identity to a minor under the witness protection program in order to make a false arrest, falsely prosecute and falsely convict and imprison [him]."  Compl. ¶ 13.  According to Dhingra, the FBI also confiscated

- 2 -

his computer on the pretext of a lawful arrest; fabricated evidence against him regarding this "fictitious minor"; committed perjury by presenting this fiction to the jury at his trial; and "caus[ed] libel, slander, and severe emotional distress" as a result of his false prosecution and conviction.  Id. ¶¶ 18, 22, 30-31, 36-37, 39.

Dhingra claims that this undercover sting and subsequent prosecution was a "fraudulent and exhibitionist propaganda act by the secret and undercover wing of FBI cyber squad to gain sympathy from the tax payers and on behalf of rape and assault victims since most of such cases go unreported and FBI is unable to do anything."  Compl. ¶ 10(g).

Based on the foregoing, Dhingra alleges in his civil complaint seven causes of action for: (1) False Arrest and False Imprisonment on a Fictitious Federal Indictment; (2) Conspiracy with Local Law Authorities for False Arrest of Plaintiff on Fictitious Probable Cause; (3) Unlawful Confiscation of Plaintiff's Personal Property; (4) Deceit by Fabrication of Evidence in the Federal Court and Lying to the Jury; (5) Fraud by Obstruction of Justice and Perjury in a Federal Court; (6) Defamation, Libel and Slander; and (7) Intentional Infliction of Emotional Distress.

Additionally, in his petition for writ of error coram nobis, Dhingra moves to vacate his criminal conviction.  Among other things, Dhingra prays for compensatory damages in excess of $35 million, punitive and exemplary damages, an order overturning his criminal conviction, and an order requiring an apology from the FBI.

## II.   LEGAL STANDARD

A court may authorize the commencement of an action without prepayment of fees by a litigant who demonstrates that he is unable to pay.  28 U.S.C. §1915(a)(1).  The Court "shall dismiss" such an action, however, if it determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

## III. DISCUSSION

### A. CIVIL COMPLAINT

Construed liberally, Dhingra's civil complaint raises claims under Bivens and/or the Federal Tort Claims Act ("FTCA").[2] These claims are frivolous. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)) ("A complaint 'is frivolous where it lacks an arguable basis in either law or in fact.'").

A Bivens action will lie against a federal defendant in his or her individual capacity; such action will not lie against a defendant in his or her official capacity, a federal agency, or the United States. W. Radio Servs. Co., 578 F.3d at 1119 (citing FDIC v. Meyer, 510 U.S. 471, 484 (1994)); Thomas-Lazear v. FBI, 851 F.2d 1202, 1207 (9th Cir. 1988); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987). Dhingra names as defendant the United States. Thus, insofar as he alleges constitutional violations for unlawful arrest, unlawful seizure of property, and/or various deprivations of his right to due process, the doctrine of sovereign immunity bars these claims. See Thomas-Lazear, 815 F.2d at 1207.

A claim under the FTCA will lie against the United States. However, the FTCA bars a claimant from filing suit until he exhausts his administrative remedies. 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency . . . ."); see also McNeil v. United States, 508 U.S. 106, 113 (1993). The exhaustion requirement is jurisdictional. Valadez-Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2000) (citing Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000)). Dhingra did not exhaust his claims. Thus, insofar as he alleges tort claims for false arrest, false imprisonment,

---

[2] Bivens v. Six Unknown Named Agents of the Bureau of Narcotics, 403 U.S. 388 (1971), authorizes money damages claims against individual federal officials for constitutional violations. See W. Radio Servs. Co. v. U.S. Forest Serv., 578 F.3d 1116, 1122 (9th Cir. 2009). The FTCA authorizes claims for money damages against the United States for injuries arising out of its employees' tortious acts. 28 U.S.C. §§ 1346(b), 2671-2680; see also Cervantes v. United States, 330 F.3d 1186, 1188 (9th Cir. 2003).

malicious prosecution, fraud, defamation, libel, slander, and/or intentional infliction of emotional distress, such claims are subject to dismissal.  See McNeil, 508 U.S. at 113.

Moreover, all of Dhingra's civil claims are barred by the principles enunciated in Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that a plaintiff bringing suit under 42 U.S.C. § 1983 cannot recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by actions whose unlawfulness would necessarily imply the invalidity of a prior criminal conviction, unless that conviction had already been reversed, expunged, or otherwise declared invalid.  Id. at 486-87.  The Heck bar also applies to Bivens and FTCA claims.  See Martin, 88 F.3d at 775 (applying rationale of Heck to Bivens claims); Erlin v. United States, 364 F.3d 1127, 1132 (9th Cir. 2004) (applying rationale of Heck to FTCA claims).

Here, although Dhingra articulates his claims as a variety of constitutional violations and/or torts, the claims all hinge upon the allegation that Dhingra's arrest, prosecution, and conviction were fraudulent in light of the purported fiction that the victim of his offense was a minor.  Because a "judgment in favor of [Dhingra] would necessarily imply the invalidity of his conviction," which has not been vacated or set aside, his civil complaint must be dismissed.  Heck, 512 U.S. at 486-87; see, e.g., Francis v. United States, No. 07-6125 JSW, 2008 WL 4279692, at *7-8 (N.D. Cal. Sept. 16, 2008), aff'd, 376 F. App'x 792 (9th Cir. 2010) (dismissing tort claims, including conspiracy, invasion of privacy, libel, and intentional infliction of emotional distress, as barred by Heck).

Accordingly, the Court DISMISSES Dhingra's civil claims without prejudice to renewal if and when he succeeds in vacating his conviction.

**B.    PETITION FOR WRIT OF ERROR CORAM NOBIS**

In his petition for writ of error coram nobis, Dhingra incorporates and restates all of the allegations set forth in his civil complaint.  Compl. ¶ 40.  Based on these allegations, Dhingra moves to vacate his "fraudulent and deceitful conviction."  Id. ¶ 41.

A writ of error coram nobis is an extraordinary remedy authorized under the All Writs Act, 28 U.S.C. § 1651(a), to challenge the validity of a criminal conviction.  See

United States v. Morgan, 346 U.S. 502, 503-513 (1954).  To qualify for coram nobis relief, a petitioner must show that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.  United States v. Riedl, 496 F.3d 1003, 1006 (9th Cir. 2007) (citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)).  These requirements are conjunctive, such that failure to meet any one of them is fatal.  Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

Dhingra's petition fails to satisfy the requirements for coram nobis relief and is frivolous.  As a threshold matter, Dhingra fails to provide a valid reason for the 14-year delay in attacking his conviction.  Specifically, on October 6, 2003, Dhingra filed a motion in which he questioned whether the victim "was in fact or possibly could be an Agent of the FBI . . . ."  Dkt 106 at 2.  Dhingra does not show that he exercised due diligence in pursuing this claim, even though he questioned the victim's status as a purported FBI agent as far back as 13 years ago.  See Riedl, 496 F.3d at 1007 (coram nobis relief is unavailable if the petitioner "did not exercise due diligence"); Hirabayashi, 828 F.2d at 594 (discovery of new evidence constitutes a valid reason for delay if the petition could not have discovered the evidence earlier); see also Martinez v. United States, 90 F. Supp. 2d 1072, 1076 (D. Haw. 2000), aff'd 17 F. App'x 517 (9th Cir. 2001) ("delay is not justified if the petitioner was aware of a potential ground for relief earlier, but did not choose to pursue it").

Furthermore, even at this juncture, Dhingra's petition is devoid of *any facts* supporting his assertion that the minor victim of his criminal offense was actually "an ADULT FBI Agent/Informer."  Compl. ¶ 13.  During the underlying criminal trial, the minor victim testified under oath that she met Dhingra when she was fourteen years old and had just completed her freshman year in high school.  In the face of that evidence, Dhingra offers no new evidence at all, but mere speculation.  This showing is insufficient to establish error of a fundamental character in his criminal proceeding.  Cf. United States v. Taylor, 648 F.2d 565, 573 (9th Cir. 1981) (holding that, in order to be entitled to coram

nobis relief, a petitioner's allegations must "specifically delineate the factual basis of his claim," and; the petitioner in that case was entitled to a hearing where "his charge [was] fortified by an affidavit which set[] forth clear factual averments giving rise to a serious question as to [certain evidence presented at his trial]").

Accordingly, the Court DISMISSES Dhingra's petition without prejudice.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Dhingra's civil complaint for damages and petition for writ of error coram nobis are DISMISSED without prejudice.

2. Dhingra's application to proceed IFP is DENIED as moot.

3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 9/27/2016

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge